FILED

NOT FOR PUBLICATION

MAR 11 2016

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT



WILLIAM THOMAS MYERS,

Plaintiff - Appellant,

v.

LARRY SMALLS, Warden; JAMES
TILTON, Director of the CA Department
of Corrections; ARNOLD
SCHWARZENEGGER; C.
ROBERTSON, Chief Dental Officer;
MATTHEW CATE, Secretary of CDCR,

Defendants - Appellees.

No. 13-56864

D.C. No. 3:08-cv-01810-WMC

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
William McCurine, Jr., Magistrate Judge, Presiding

Submitted February 3, 2016[**]
Pasadena, California

Before: PREGERSON, WARDLAW, and HURWITZ, Circuit Judges.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

California state prisoner William Myers appeals pro se the district court's adverse grant of summary judgment in his 42 U.S.C. § 1983 action against prison and government officials for providing inadequate dental care. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

1.      The district court properly granted summary judgment because Myers failed to raise a genuine dispute of material fact as to whether defendants were deliberately indifferent to his dental problems. Defendants Cate and Smalls were not employed by the California Department of Corrections and Rehabilitation during Myers's injury. Myers also did not provide any evidence to dispute the showing by Governor Schwarzenegger and Director Tilton that they acted reasonably, by complying with a stipulation in the *Perez v. Tilton* litigation concerning dental care. *See Farmer v. Brennan*, 511 U.S. 825, 847 (1994) (defining deliberate indifference as the conscious disregard of a known risk, meaning the defendant must have failed to take reasonable measures to abate that risk).

2.      The district court did not abuse its discretion in denying Myers's petition for writ of habeas corpus ad testificandum, finding that his presence was not necessary or beneficial. *See Wiggins v. Cnty. of Alameda*, 717 F.2d 466, 468

n.1 (9th Cir. 1983) (per curiam) (laying out factors to consider in weighing a petition for writ of habeas corpus ad testificandum).

3.    The district court did not abuse its discretion in dismissing defendant Robertson, who, despite several bona fide efforts, could not be located.  *See* Fed. R. Civ. P. 4(m) (providing the time period after filing the complaint in which a plaintiff must effect service of process); *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (holding that incarcerated pro se plaintiff proceeding in forma pauperis must provide the marshal with sufficient information necessary for service), *abrogated in part on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995).

4.    The district court did not err in denying Myers's request for sanctions against the U.S. Marshals Service.  There was no evidence that the Marshals failed to use all proper means to diligently effect service of process.  *See* 42 U.S.C. § 1990 (providing that every marshal is liable for a $1,000 fine for such a violation).

5.    The district court did not abuse its discretion in partially denying Myers's request for judicial notice of a case Myers never cited and which did not support his argument.  *Cf. Ritter v. Hughes Aircraft Co.*, 58 F.3d 454, 458 (9th Cir. 1995).

**AFFIRMED.**